

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TINA K. TINKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-0769-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Tina K. Tinker, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

>    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case, ALJ Robert G. Faircloth determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff can perform her past relevant work.  [R. 19].  Accordingly, the ALJ found the Plaintiff not to be disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively

determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## DISCUSSION

The ALJ found that the plaintiff's has the "severe" impairments of "level 1 obesity; dysthymic disorder; hypertension; history of alcohol dependence in partial remission; and degenerative lumbrosacral disc [disease]." [R. 19].  However, the ALJ concluded that the plaintiff's impairments, individually and in combination, do not meet the Listings. [R. Id.].  The ALJ determined that the plaintiff's testimony regarding her ability to work is not credible, and found that the plaintiff retained the residual functional capacity:

> to perform the exertional demands of light work with the following nonexertional limitations:  sit for 4 hours per day; stand and walk for 4

hours per day; experiences mild to moderate mental limitations as per Dr. Neville at Exhibit 3F; and experiences mild to moderate pain.

[R. 19]. The ALJ determined that the plaintiff's residual functional capacity enables her to perform her past relevant work as a cashier. [R. 18]. Accordingly, he concluded that the plaintiff is not disabled within the meaning of the Social Security Act. [R. 19].

Despite the plaintiff's testimony as to disabling pain and an MRI-confirmed diagnosis of degenerative disc disease, the ALJ refused to credit the plaintiff's pain testimony:

> Her allegations and testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence. The record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such severe symptoms. The physical findings in the record do not establish the existence of neurological deficits, significant weight loss, muscle atrophy, or other observable signs often indicative of protracted pain of the intensity, frequency, and severity alleged.
>
> Moreover, despite the allegedly disabling pain and functional limitations, there is little evidence of medical corroboration. For example, she testified to "level 8" pain, <u>but there are no medical records to support that any pain she experiences is that severe</u>.

[R. 17](emphasis added)  This conclusion is not supported by substantial evidence.

Medical records from Cooper Green Hospital confirm that the plaintiff received a series of spinal blocks to relieve pain:

- December 18, 2002 – lumbar epidural steroid injection

- January 8, 2003 – lumbar epidural steroid injection

- March 12, 2003 – lumbar epidural steroid injection

[R. 150, 153, 154]. On May 16, 2003, the plaintiff was seen at the Cooper Green Neurology Clinic, where she complained of severe pain rated at a nine out of 10. [R. 149]. Her listed medications included Lortab 10, Valium, and Robaxin. [Id.]. An MRI of the lumbar spine was ordered, and she was given lidocaine patches to alleviate pain. [Id.]. She received another series of pain blocks:

- September 17, 2003 – lumbar epidural steroid injection

- October 18, 2003 – sacroiliac joint pain block and lumbar epidural steroid injection

- October 22, 2003 – lumbar epidural steroid injection

The plaintiff stopped working in January 2004. [R. 289]. The plaintiff returned to Cooper Green for another series of pain blocks:

- May 19, 2004 – sacroiliac joint pain block and lumbar epidural steroid injection

- August 25, 2004 – lumbar epidural steroid injection

- September 15, 2004 – sacroiliac joint pain block and lumbar epidural steroid injection

[R. 136, 137, 139]. She received another lumbar epidural steroid injection on November 20, 2005, and yet another sacroiliac joint pain block and lumbar epidural steroid injection on March 22, 2006. [R. 251, 255].

Notwithstanding the ALJ's assertion that there are no medical records to support the plaintiff pain testimony, this medical evidence shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. See SSR

96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). As Judge Allgood observed in Lamb v. Bowen: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir. 1988).

In addition to ignoring numerous medical records which document the plaintiff's attempts to obtain relief from pain[1], the ALJ based his decision on the report of a one-time examination of the plaintiff by the Commissioner's consulting physician, John Lisiak, D.O. The examination conducted by Dr. Lisiak occurred September 8, 2004, at which point in time the plaintiff had already received eight pain blocks at Cooper Green

---

[1] Apparently, ALJ Faircloth has a complete misunderstanding of degenerative disc disease, which has its own pain mechanism. Also, his statement that "there are no medical records to support that any pain she experiences is . . . severe" [R. 17] shows a misunderstanding of the Eleventh Circuit's pain standard, and is a complete misstatement of what the medical records report. For example, on March 12, 2003, the plaintiff presented at Cooper Green Pain Clinic complaining of pain rated at a nine out of 10. [R. 150]. On May 16, 2003, pain clinic records reveal she also complained of pain at a nine out of 10. [R. 149]. On June 2, 2006, pain clinic records show she rated her pain as a seven or eight out of 10. [R. 267]. Contrary to the ALJ's assertions, the plaintiff complained of, and was treated for, severe pain.

Hospital. However, Dr. Lisiak did not have the benefit of <u>any</u> of the plaintiff's medical records:

> I have been informed that there is no background medical information available on this claimant.
>
> I have been provided with no actual x-rays of this claimant's back.

[R. 124]. "Therefore," Dr. Lisiak continued, "I have no medical records to describe the actual surgical procedures performed, and I have no radiology reports of the claimant's legs or her low back." [R. 129]. The reliance on such an inconclusive examination based on limited information is error, and renders the ALJ's decision not based on substantial evidence, especially in the face of a longitudinal history of attempts at pain relief sanctioned by the plaintiff's treating physicians at Cooper Green Hospital.

    At the hearing, the ALJ examined Vocational Expert (VE) Dan Kinard:

> ALJ: . . . All right, assume that – in all of your answers have you considered age, education, work experience –
>
> VE: Yes, sir.
>
> ALJ: – along with the hypothetical? All right, still do that. And assume Mrs. Tinker's problems with respect to her arthritis, particularly, giving her pain on what she says most days – and I expect those – she says she has some good and bad days, but about four days are bad days. That she has pain at an 8, and she has some fatigue because she loses some sleep. Four or five hours a night, she wakes up with fatigue. Assume that medical evidence in the record would support her essentially to the extent she has described her problems. Would she be able to do any of her prior work?
>
> VE: She would not.

ALJ: Would she be able to do any of the work that I've indicated, that would be required in jobs of the sit-stand, sedentary jobs?

VE: No, sir.

ALJ: Why not?

VE: Her complaints of pain, and also her inability to bend, stoop, and other postural limitations.

ALJ: Okay. And you have indicated pain does not preclude work if it's only mild to moderate?

VE: That's correct.

ALJ: And you've also – same explanation indicated that pain at a moderately severe to severe level would. So it would be at least moderately severe that she has described. Now she has described pain on an 8 basis. That obviously is in the moderately severe level?

VE: It would be.

ALJ: And you stated that pain at the moderately severe level would preclude work because it precludes concentration, affects attendance significantly to the point where it would be unsatisfactory work because of excessive absenteeism. What would be the maximum absences normally in these type jobs?

VE: Less than one absence per month. One and a half, depending on the employer.

ALJ: One and a half would be the maximum?

VE: Yes, sir.

ALJ: Okay, all right. So there'd be no work because of the inability to concentrate, and focus on job tasks, and to work on a regular basis, and be dependable?

VE: Yes, sir.

10

[R. 324-325].

## CONCLUSION

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony. In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, that testimony must be accepted as true by this court. Hale, 831 F.2d at 1012. The VE testified that if the plaintiff's pain testimony were credited, she would be unable to perform any work. Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 14 July 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.